UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW E. ROTH,

                Plaintiff,

       − v. −

RA CAPITAL MANAGEMENT, LLC, RA
CAPITAL HEALTHCARE FUND, L.P.,
BLACKWELL PARTNERS, LLC, PETER
KOLCHINSKY and ACADIA
PHARMACEUTICALS INC.,

                Defendants.

---

15 Civ. 4928

(*Jury Trial Demanded*)

COMPLAINT

Plaintiff Andrew E. Roth ("Roth") by his undersigned attorneys, alleges upon
information and belief as to all paragraphs except paragraph 1, as follows:

1.      Plaintiff Roth is a New York resident who is the owner of common stock, par
value $0.0001 of ACADIA Pharmaceuticals Inc. ("ACADIA" or the "Company").

2.      ACADIA, a nominal defendant herein, is a Delaware corporation with its
principal place of business at 3611 Valley Centre Drive, Suite 300, San Diego, California
92130.

3.      Defendant RA Capital Management, LLC ("RA Capital") is a limited liability
company with its principal place of business at 20 Park Plaza, Suite 1200, Boston, MA
02116.  RA Capital is a registered investment adviser that provides advisory services to
defendants RA Capital Healthcare Fund, L.P. and Blackwell Partners, LLC.

4.      Defendant RA Capital Healthcare Fund, L.P. ("Healthcare") is a private investment limited partnership with its principal place of business at 20 Park Plaza, Suite 1200, Boston, MA 02116.

5.      Defendant Blackwell Partners, LLC ("Blackwell") is a Georgia limited liability company with its principal place of business at 280 S. Mangum St., Suite 210, Durham, NC 27701.

6.      Defendant Peter Kolchinsky ("Kolchinsky") is an individual with a business address at 20 Park Plaza, Suite 1200, Boston, MA 02116.  Kolchinsky is the sole Manager and principal owner of RA Capital.

7.      RA Capital earns an annual management fee from each of Healthcare and Blackwell based on the value of the assets under management and also earns a performance-based allocation or fee based on a share of capital gains on or capital appreciation of the assets of each of Healthcare and Blackwell.

JURISDICTION AND VENUE

8.      This action is brought on behalf of ACADIA pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

THE GOVERNING LAW

9.      Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than

2

six months, any profits arising from those transactions are recoverable by the issuer or by a

shareholder suing on its behalf.

<u>SECTION 16(b) GROUP ACTIVITY</u>

10.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two

or more persons "act as a partnership, limited partnership, syndicate, or other group for the

purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section

13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for

purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons

in such a group are aggregated to determine whether the group has a greater than 10%

beneficial ownership in the issuing corporation.  If the aggregate number of shares

beneficially owned by the group exceeds 10%, each member of the group is deemed to be a

greater than 10% beneficial owner and is liable to disgorge profits arising from transactions

by such group member effected within a less than six-month period.

11.     Defendants RA Capital, Healthcare, Blackwell and Kolchinsky constitute a

group (collectively the "RA Group") for purposes of determining beneficial ownership under

§§ 13(d)(3) and 16(b) of the Exchange Act.  At all relevant times, the RA Group was a

greater than 10% beneficial owner of the Company's common stock, $0.0001 par value (the

"Common Stock") and garnered short-swing profits disgorgeable to the Company in the

transactions hereinafter set forth.  As all purchases and sales for each of the RA Group

members were directed by Kolchinsky, at all relevant times, a group was formed and

operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring,

holding and disposing of shares of Common Stock.  Other indicia of group membership

include the fact that Healthcare and Blackwell purchased and sold shares of Common Stock

at the same time, various SEC filings were made collectively on behalf of all group members (other than Blackwell, which should have been included because it was a group member), RA Capital is the General Partner of Healthcare and the investment adviser to Healthcare and Blackwell, and Kolchinsky is the sole Manager of RA Capital.

12.     Even if Blackwell is determined not to be a group member, defendants RA Capital, Healthcare and Kolchinsky constitute a separate group, and these group members garnered disgorgeable short-swing profits in the transactions hereinafter set forth.

DEFENDANTS' PURCHASE AND SALE TRANSACTIONS

13.     While the RA Group was a greater than 10% beneficial owner,   Healthcare and Blackwell each purchased shares of Common Stock and call options on shares of Common Stock at various times beginning December 21, 2012 and continuing for the period through at least June 30, 2013, purchasing an aggregate of approximately 650,000 shares of Common Stock and call options on 4,250,000 shares of Common Stock.  Also, while the RA Group was a greater than 10% beneficial owner, Healthcare and Blackwell each sold shares of Common Stock beginning on or about March 31, 2013 through sometime between June 30, 2013 and September 30, 2013, selling an aggregate of approximately 2,500,000 shares of Common Stock.

14.     Although the RA Group became a greater than 10% beneficial owner of shares of Common Stock, the RA Group violated Section 16(a) of the Exchange Act and failed to report its greater than 10% beneficial ownership on SEC Form 3 required to be filed under SEC Rule 16a-3.  Likewise, the RA Group continued to violate Section 16(a) and SEC Rule 16a-3 by failing to report its purchases and sales of shares of Common Stock and call options on shares of Common Stock on SEC Form 4 while the RA Group was a greater than

4

10% beneficial owner.  Due to these SEC reporting violations, it is not possible to compute the amount of short-swing profits garnered by the RA Group from its short-swing trading of shares of Common Stock and call options on shares of Common Stock.  However, based on Schedule 13G and Form 13F filings made by the RA Group, the RA Group purchased approximately 650,000 shares and call options on 4,250,000 shares while it was a greater than 10% beneficial owner between the period from December 21, 2013 through at least June 30, 2013 and sold approximately 2.5 million shares while it was a greater than 10% beneficial owner between the period from March 31, 2013 through sometime between June 30, 2013 and September 30, 2013.  Based on the trading prices of ACADIA shares during these periods, defendants likely garnered millions of dollars in disgorgeable short-swing profits.

THE RA GROUP'S REPEATED VIOLATIONS OF THE EXCHANGE ACT

15.    The RA Group repeatedly and materially violated the reporting requirements under the Williams Act and under Section 16(a) of the Exchange Act.  These actions were designed to deprive the marketplace of critical information concerning the RA Group's plans to acquire a substantial stake in the Company as well as to conceal the RA Group's short-swing profit liability.

16.    The RA Group filed an Amendment No. 5 to its Schedule 13G on April 3, 2015, reporting for the first time that it had become a greater than 10% beneficial owner more than two years earlier on December 21, 2012.  The Amendment No. 5 also amended the RA Group's initial Schedule 13G and its Amendment Nos. 1, 2, 3 and 4 to correct incorrect and misleading beneficial ownership information reported in such filings.  Accordingly, until April 3, 2015, the RA Group had filed incorrect and misleading Schedule 13G filings dating

back to January 2011 and, most significantly, had failed to report that it had become a greater than beneficial owner on December 21, 2012.

17.     Because the RA Group became a greater than 10% beneficial owner of the Company's Common Stock on December 21, 2012, the RA Group was obligated to file an initial Form 3 under Section 16(a) of the Exchange Act within 10 days and thereafter to file Forms 4 to report any transactions in the Common Stock within two business days of any such transactions.  The RA Group failed to make any Form 3 or Form 4 filings.

18.     Because the RA Group members failed to comply with their reporting obligations under the Exchange Act, it is not possible to ascertain the amount of the short-swing profits that are subject to disgorgement, but it is believed that such short-swing total substantially in excess of $5 million.

AS AND FOR A FIRST CLAIM FOR RELIEF
AGAINST HEALTHCARE AND BLACKWELL

19.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18, *supra*, as if fully set forth herein.

20.     As particularized in paragraphs 13 and 14, *supra,* during the period December 21, 2012 through September 30, 2013, Healthcare and Blackwell engaged in purchase and sale transactions in the Company's Common Stock and call options which resulted in disgorgeable short-swing profits.

21.     Plaintiff is unable to precisely ascertain Healthcare's and Blackwell's short-swing profits from such transactions, but it is believed that short-swing profits subject to disgorgement to ACADIA are in excess of $5 million.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST
### RA CAPITAL AND KOCHINKSY

22.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21, *supra*, as if fully set forth herein.

23.     As particularized in paragraphs 3, 7 and 11, *supra*, RA Capital and Kochinsky engaged in transactions on behalf of Healthcare and Blackwell which yielded short-swing profits subject to disgorgement to the Company to the extent of RA Capital's and Kolchinsky's pecuniary interests.

24.     Defendants RA Capital and Kochinsky have a pecuniary interest in short-swing profits realized by Healthcare and Blackwell and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to ACADIA their short swing profits.

25.     Plaintiff is unable to precisely ascertain RA Capital's and Kochinksy's pecuniary interests in the transactions, but it is believed that short-swing profits subject to disgorgement to ACADIA are in excess of $1 million.

### ALLEGATIONS AS TO DEMAND

26.     Plaintiffs made due demand on ACADIA on April 6, 2015 to commence this lawsuit, but it failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of ACADIA against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

7

Dated: New York, New York
      June 24, 2015

                    Paul D. Wexler, Counsel
                    KORNSTEIN VEISZ WEXLER
                      & POLLARD, LLP

                    757 Third Avenue, 18th Floor
                    New York, New York 10017
                    Tel. No.: (212) 418-8600
                    Email: paulwexler@kvwmail.com

                    OSTRAGER CHONG FLAHERTY
                      & BROITMAN P.C.

                    By: _____s/_____
                      Glenn F. Ostrager

                    570 Lexington Avenue
                    New York, New York 10022
                    Tel. No. (212) 681-0600
                    Email: gostrager@ocfblaw.com

                    Attorneys for Plaintiff